OPINION
{¶ 1} Appellant Silvana Camboni appeals the Delaware Municipal Court's denial of her Crim.R. 29 motion for acquittal and her conviction on one count of failure to stop after an accident, in violation of R.C. §4549.021.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} Appellant was charged with one count of leaving the scene of an accident.
{¶ 4} On July 27, 2004, a bench trial commenced in this matter.
{¶ 5} At said trial, the State called the victim and the arresting officer as witnesses.
{¶ 6} The deputy testified that on March 15, 2004, she was dispatched to investigate a hit and run accident which occurred at St. Joan of Arc Church. Upon arriving at the scene, the deputy talked with the victim, Father Tigyer, and took an accident report. She further observed the damage to the priest's vehicle.
{¶ 7} Father Tigyer testified that on said date, Appellant arrived at the church distraught, that she was still upset when she left and that upon leaving she hit his vehicle.
{¶ 8} At the conclusion of the State's case, Appellant moved the court for acquittal pursuant to Crim.R. 29, which the trial court denied.
{¶ 9} At the conclusion of the trial, the trial court found appellant guilty as to the single count of leaving the scene of an accident.
{¶ 10} It is from the denial of the motion for acquittal Appellant appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR
{¶ 11} "I. The trial court erred by allowing the testimony of the complaining witness when his prior written statement was not available for impeachment and thus erred by overruling appellant's motion for acquittal made at the close of the appellee's case."
 I.
{¶ 12} In her sole assignment of error, Appellant argues that the trial court erred when it denied her motion for acquittal. We disagree.
{¶ 13} More specifically, Appellant argues that the testimony of the victim, Father Tigyer, should have been excluded because Appellee could not produce a copy of a purported written statement which may or may not have been made at the time of the taking of the accident report.
{¶ 14} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:
{¶ 15} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
{¶ 16} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184, syllabus:
{¶ 17} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
{¶ 18} Upon review, we note that no transcript of the trial was prepared for appeal, nor was any App.R. 9(C) or (D) statement filed; therefore, we must presume regularity in the proceedings in the trial court and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197.
{¶ 19} Appellant's sole assignment of error is overruled.
{¶ 20} Accordingly, the judgment of the Delaware Municipal Court is affirmed.
Boggins, P.J. Gwin, J., concurs Hoffman, J. concurs separately.